IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:01-CR-244 |
| | ) | |
| MAKALE MASON WILLIAMS, | ) | Hearing:  January 9, 2015 |
| | ) | |
| Defendant. | ) | Honorable Gerald Bruce Lee |

**GOVERNMENT'S POSITION WITH RESPECT TO DEFENDANT'S
SUPERVISED RELEASE VIOLATION**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits this memorandum on the supervised release violation of MAKALE MASON WILLIAMS.

## I.   RELEVANT FACTS

On July 2, 2001, the defendant pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On October 10, 2001, this Court sentenced the defendant to 360 months of imprisonment, five years of supervised release, and a $100 special assessment.  The terms of supervised release included the mandatory condition that the defendant not commit another federal, state, or local crime.

On August 23, 2005, this Court granted the government's motion to reduce the defendant's term of incarceration from 360 to 120 months.  The Court did not modify the other terms and conditions of the defendant's original sentence.  The defendant commenced his term of supervised release on March 16, 2010.

On March 10, 2011, United States Probation Officer Laszlo V. Mako filed a petition on supervised release, alleging that the defendant violated the mandatory condition that he not commit additional crimes. The petition specifically alleges that on February 7, 2011, in Portsmouth, Virginia, the defendant sold $50 worth of crack cocaine to a confidential police informant. Following the controlled drug purchase, law enforcement officers stopped the defendant in his vehicle, and found 20 additional grams of crack cocaine in the defendant's possession. Law enforcement officers thereafter placed the defendant under arrest.

On May 23, 2011, the defendant was convicted in Portsmouth Circuit Court for possession with the intent to manufacture, sell, give, or distribute cocaine, in violation of Va. Code § 18.2-248. He was sentenced to eight years of incarceration. His scheduled date of release from state custody is August 24, 2018.

## II.     APPLICABLE LAW

Supervised release revocation hearings are not intended to be formal trials, and the Federal Rules of Evidence need not be strictly observed. *Morrisey v. Brewer*, 408 U.S. 471, 484 (1972); *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968). Revocation of supervised release requires that a court find by a preponderance of the evidence that the defendant violated the terms and conditions of release. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). Upon such a finding, a court may: revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statue, without credit for time served; extend, under certain conditions, the term of supervised release; or modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C. § 3583(e). When a court revokes supervised release and imposes a term of imprisonment, it may impose another period of supervised release after imprisonment. 18 U.S.C. § 3583(h).

In considering what particular action to take, 18 U.S.C. § 3583(e) directs courts to consider certain factors set forth in 18 U.S.C. § 3553(a) to determine whether to modify or revoke a term of supervised release. Courts are to take into account the following factors, to the extent the factors are applicable to the case at issue: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) affording "adequate deterrence to criminal conduct"; (3) protecting society from further crimes of the defendant; (4) providing the defendant with needed training and/or treatment; (5) the types of sentences available and the applicable sentencing range; (6) any "pertinent" Sentencing Guidelines policy statement; (7) the need to prevent unwarranted "sentencing disparities"; and (8) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The Guidelines provide non-binding policy statements regarding supervised release violations. U.S.S.G. § 7A1, *et seq.*; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995). The Guidelines advise the Court to either "(A) revoke . . . supervised release; or (B) extend the term of . . . supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2). The Guidelines further recommend that any period of confinement imposed upon revocation of supervised release "be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." *Id.* § 7B1.3(f); *see also United States v. Richardson*, --- Fed. Appx. ----, 2014 WL 5370025, at *1 (4th Cir. Oct. 23, 2014) ("Sentences for breaches of supervised release are meant to sanction the abuse of the court's trust inherent in those violations, and not to punish the underlying offense conduct.").

### III.   ANALYSIS

At the time of his sentencing before this Court, the defendant's Criminal History Category was VI. Possession with intent to distribute cocaine is a felony in Virginia, punishable

by a term of imprisonment exceeding one year. Va. Code Ann. § 18.2-248. Because possession with intent to distribute cocaine is punishable by more than one year of incarceration, and constitutes a "controlled substance offense" under the Guidelines, *see* U.S.S.G. §§ 7B1.1(a)(1) and 4B1.2, the defendant's crime constitutes a Grade A violation, *see id.* § 7B1.1(a)(2). In addition, because the defendant was on supervised release for a Class A felony at the time of the violation, his violation is Grade A(2). *See id.* § 7B1.4(a). The advisory Guidelines range for a Grade A(2) violation with Criminal History Category VI is 51 to 63 months of imprisonment, *id.*, with a statutorily authorized maximum term of imprisonment of five years, *see id.* § 7B1.4(b)(3)(A). For a Grade A violation, the Guidelines advise the Court to revoke supervised release. *See id.* § 7B1.3(a)(1).

Consistent with this guidance, the government recommends that the Court revoke the defendant's supervised release, and impose a period of incarceration sufficient to deter future unlawful conduct, protect society, and sanction the abuse of the Court's trust inherent in the defendant's violations. While the government defers to the Court on a sentence, the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines do not, in the government's estimation, warrant a sentence of 51 to 60 months of imprisonment. Rather, the defendant's age and his substantial state prison sentence mitigate the need for several additional years of incarceration. The government considers a sentence below the Guidelines range, but no less than 8 to 12 months, to run consecutively to the defendant's state sentence, sufficient in this matter.

                                                Respectfully submitted,

                                                Dana J. Boente
                                                United States Attorney

                        By:            /s/
                                                Tobias D. Tobler
                                                Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th of January, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the following counsel of record:

Matthew Alan Wartel
The Law offices of Matthew A. Wartel
6225 Brandon Avenue, Suite 406
Springfield, VA 22150
Phone: (703) 549-3156
Fax: (703) 549-5750
Email: mwartel76@aol.com

In addition, I emailed a copy to the following U.S. Probation Officer assigned to this matter:

Laszlo V. Mako
U.S. Probation Officer
Norfolk, Virginia
Phone: (757) 222-7356
Email: Laszlo_mako@vaep.uscourts.gov

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:         /s/
        Tobias D. Tobler
        Assistant United States Attorney
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia 22314-5794
        Phone: (703) 299-3814
        Fax: (703) 299-3980
        Email:  tobias.tobler@usdoj.gov